IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SABRINA GRETE CARRANZA,
on behalf of herself and all others
similarly situated,

        Plaintiff,

   v.

GEICO GENERAL INSURANCE
COMPANY, GEICO INDEMNITY
COMPANY, and GOVERNMENT
EMPLOYEES INSURANCE
COMPANY,

        Defendants.

No. 3:13-cv-1932-HZ

OPINION & ORDER

Keil M. Mueller
Steve D. Larson
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 SW Oak Street, Suite 500
Portland, OR 97204

Rodney F. Pillsbury (*pro hac vice*)
PILLSBURY & READ, P.A.
1204 E. Washington St.
Greenville, SC 29601

      Attorneys for Plaintiff

1 – OPINION & ORDER

Douglas G. Houser
Stuart D. Jones
BULLIVANT HOUSER BAILEY PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, OR 97204

Sheila Carmody (*pro hac vice*)
Joshua Grabel (*pro hac vice*)
SNELL & WILMER LLP
One Arizona Center
400 East Van Buren St., Suite 1900
Phoenix, AZ 85004

Attorneys for Defendants

HERNÁNDEZ, District Judge:

Plaintiff Sabrina Carranza brings this class action lawsuit alleging breach of contract against Defendants Government Employees Insurance Company, GEICO General Insurance Company, and GEICO Indemnity Company (collectively, "Defendants"). Plaintiff had an automobile insurance policy with GEICO Indemnity Company (GEICO Indemnity). Defendants move to dismiss Plaintiff's claim against Government Employees Insurance Company and GEICO General Insurance Company, because they argue that Plaintiff had no privity of contract with them and thus lacks standing to bring a claim. Alternatively, Defendants move for judgment on the pleadings. For the reasons that follow, Defendants' motion to dismiss is granted and the motion for judgment on the pleadings is denied as moot.

## BACKGROUND

Plaintiff had two vehicles insured under one automobile insurance policy issued by GEICO Indemnity Company.[1] Compl. ¶ 12. The policy provided that, in the event of a collision,

---

[1] Plaintiff's Complaint alleges that her insurance policy was issued by "Defendants." Compl. ¶ 10. Defendants submit a copy of the Insurance Policy and Declarations Page which clearly shows that Defendant GEICO Indemnity issued the policy. Carmody Decl., Ex. 1.

the insurance company would "pay for the collision loss to the owned auto or non-owned auto for the amount of each loss less the applicable deductible." Id. ¶ 11. The policy also stated that "losses arising out of a single occurrence shall be subject to no more than one deductible." Id. Plaintiff's two vehicles collided with each other. Id. ¶ 12. When Plaintiff's claims were processed, she was charged a deductible for each vehicle. Id. ¶ 14-16. Plaintiff brings this lawsuit as a class action on behalf of all other current and former holders of automobile insurance policies from Defendants with the language described and whose vehicles were involved in a collision with another vehicle insured under the same policy. Id. ¶ 12.

## STANDARDS

### I.  Motion to Dismiss for Lack of Subject Matter Jurisdiction

"A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit." Cetacean Cmty. v. Bush, 386 F.3d 1169, 1174 (9th Cir. 2004). A challenge to standing is appropriately raised as a motion to dismiss for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1). Maya v. Centex Corp., 658 F.3d 1060, 1067 (9th Cir. 2011).

To establish Article III constitutional standing, a plaintiff must demonstrate: (1) an injury-in-fact, (2) a causal connection between the injury and the conduct complained of, and (3) the redressability of the injury. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). "[A] named plaintiff cannot acquire standing to sue by bringing his action on behalf of others who suffered injury which would have afforded them standing had they been named plaintiffs . . . . Standing cannot be acquired through the back door of a class action." Allee v. Medrano, 416 U.S. 802, 828 (1974) (internal quotation omitted).

If the court determines a suit lacks constitutional standing, it must dismiss the claim under Rule 12(b)(1). Cetacean Cmty, 386 F.3d at 1174. In determining constitutional standing, "it is within the trial court's power to allow or to require the plaintiff to supply, by amendment to the complaint or by affidavits, further particularized allegations of fact deemed supportive of plaintiff's standing." Maya, 658 F.3d at 1067 (9th Cir. 2011) (quoting Warth v. Seldin, 422 U.S. 490, 501 (1975)).

## II.  Motion for Judgment on the Pleadings

Federal Rule of Civil Procedure 12(c) allows a motion for judgment on the pleadings after the pleadings are closed but within such time as not to delay the trial. Rule 12(c) is "functionally identical" to Rule 12(b)(6) and "the same standard of review" applies to motions brought under either rule. Cafasso v. Gen. Dynamics C4 Sys., 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) (internal quotation marks and citations omitted). Judgment on the pleadings is proper when there are no issues of material fact and the moving party is entitled to judgment as a matter of law. Bagley v. CMC Real Estate Corp., 923 F.2d 758, 760 (9th Cir. 1991) (citation omitted).

## DISCUSSION

Two of the defendants, Government Employees Insurance Company (GEICO) and GEICO General Insurance Company (GEICO General) (collectively, "Moving Defendants") move to dismiss Plaintiff's claims or, alternatively, for judgment on the pleadings. Moving Defendants argue that Plaintiff had no privity of contract with them and, therefore, Plaintiff lacks standing to bring a claim against them. Alternatively, Moving Defendants argue for judgment on the pleadings for the same reasons, contending that Plaintiff fails to state a claim upon which relief can be granted. Plaintiff responds that she has standing in her claims against all Defendants

because there is a special relationship between GEICO and its wholly owned subsidiaries, GEICO General and GEICO Indemnity, such that they should be treated as a single entity.

I.    Standing

Moving Defendants argue that Plaintiff lacks Article III standing because Plaintiff has privity of contract only with GEICO Indemnity and, therefore, cannot demonstrate an injury-in-fact caused by either of the Moving Defendants, who are each separate and distinct corporate entities. According to Moving Defendants, Plaintiff lacks standing as a putative class member to seek redress for injuries that were purportedly suffered by a class at the hands of an entity that she does not have standing to sue individually.

The party challenging jurisdiction under Rule 12(b)(1) may do so by raising either a facial attack or a factual attack. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). "[I]n a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Id. Where a defendant raises a factual challenge to federal jurisdiction, as here, "the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment" and "need not presume the truthfulness of the plaintiff's allegations." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004) (citations omitted); see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1141 n.5 (9th Cir. 2003) (explaining that the court "may look beyond the complaint and consider extrinsic evidence").

In evaluating Defendants' factual attack[2], the Court considers the Plaintiff's Insurance Policy "Declarations Page" and accompanying documentation of Plaintiff's insurance contract

---

[2] Defendants characterize their attack as a facial attack. The Court determines that it is more properly characterized as a factual attack because while Plaintiff's Complaint on its face might state a claim against all Defendants, the Insurance Policy at issue here and related documents

with GEICO Indemnity, the company who issued her automobile insurance policy. Carmody Decl., Ex. 1. The documents demonstrate that Plaintiff's contract for automobile insurance was with GEICO Indemnity.

Plaintiff does not dispute that her contractual relationship was with GEICO Indemnity; however, she makes several arguments in support of allowing her to pursue her claims against the Moving Defendants as well. Primarily, she argues that GEICO is the "parent entity," GEICO General and GEICO Indemnity are "wholly owned subsidiaries," and there is a "special relationship between GEICO and its subsidiaries regarding the contractual issue posed here." Pl.'s Memo. Opp. Defs.' Mot. Dismiss 2, 7. As evidence of this special relationship, Plaintiff alleges that GEICO determines the policy language utilized by all GEICO subsidiaries and that GEICO has a centralized process to make the decision to charge more than one deductible when collision losses arise out of a single occurrence. Id. at 7.

However, no support for Plaintiff's argument is found in her Complaint because, as Plaintiff explains, she learned the information in the course of conducting discovery. The Complaint alleges that each Defendant is an "affiliate" of the other two and makes no mention of a "parent company," "wholly owned subsidiaries," or a "special relationship" among Defendants. Compl. ¶ 4-6. Nor does the Complaint address how Defendants determine policy language or the decision to charge more than one deductible. As written, the Complaint does not contain any information supporting Plaintiff having standing to sue the Moving Defendants.

Even if the Complaint did contain the information Plaintiff includes in her Memorandum in Opposition to Defendants' Motion to Dismiss, Plaintiff does not distinguish this case from Lee v. American Nat. Ins. Co., 260 F.3d 997 (9th Cir. 2001). In Lee, the Ninth Circuit held that a

---

submitted by Defendants clearly contradict Plaintiff's assertion that Moving Defendants issued her insurance policy.

6 – OPINION & ORDER

plaintiff who purchased life insurance policies from American National Insurance Company (ANI) lacked standing to represent a putative class of plaintiffs who had bought similar policies from American National Life Insurance Company of Texas (ANTEX), a wholly owned subsidiary of ANI. "[B]ecause Lee had not purchased an ANTEX policy, he could not demonstrate that he had suffered an actual injury and therefore could not establish standing to bring suit in federal court." Lee, 260 F.3d at 999.

Other cases in the Ninth Circuit similarly conclude that to establish Article III standing in a class action lawsuit:

> [A]t least one named plaintiff must have standing in his own right to assert a claim against each named defendant before he may purport to represent a class claim against that defendant. This is not to say that each named plaintiff must have a claim against each named defendant, for . . . standing would be quite difficult to achieve if that were the rule. Rather, what is required is that for every named defendant there be at least one named plaintiff who can assert a claim directly against that defendant. At that point, Article III standing is satisfied and only then will the inquiry shift to a Rule 23 analysis.

Henry v. Circus Circus Casinos, Inc., 223 F.R.D. 541, 544 (D. Nev. 2004); see also Cady v. Anthem Blue Cross Life & Health Ins. Co., 583 F. Supp. 2d 1102, 1107 (N.D. Cal. 2008); Siemers v. Wells Fargo & Co., No. 05-cv-04518 WHA, 2006 WL 3041090, at *5–7 (N.D. Cal. Oct. 24, 2006). In this case, Plaintiff cannot assert a claim directly against Moving Defendants because she did not purchase an insurance policy from them and, therefore, they did not cause her an actual injury. Without an actual injury, Plaintiff cannot establish standing.

Next, Plaintiff asks the Court to apply the "juridical link doctrine" in order to allow the case to proceed against all Defendants, even if the Moving Defendants did not cause her injury. The juridical link doctrine arose out of the Ninth Circuit's decision in La Mar v. H & B Novelty & Loan Co., 489 F.2d 461 (9th Cir. 1973). The Seventh Circuit has described the doctrine as follows:

7 – OPINION & ORDER

> La Mar held that a plaintiff without a cause of action against a specific defendant cannot "'fairly and adequately' protect the interests of those who do have such causes of action," for purposes of Rule 23(a). Nevertheless . . . the court went on to hold that if the plaintiffs as a group—named and unnamed—have suffered an identical injury at the hands of several parties related by way of a conspiracy or concerted scheme, or otherwise "juridically related in a manner that suggests a single resolution of the dispute would be expeditious," the claim could go forward.

Payton v. County of Kane, 308 F.3d 673, 678–79 (7th Cir. 2002); see also Cady, 583 F. Supp. 2d at 1107.

The Ninth Circuit expressly declined to resolve the issue of standing in La Mar and has not subsequently ruled on whether the juridical link doctrine applies to standing questions at the pleading stage. This Court agrees with other courts in the Ninth Circuit that have examined the issue and concluded that the juridical link doctrine does not apply to standing questions at the pleading stage. See, e.g., Custom LED, LLC v. eBay, Inc., No. C 12-00350 SI, 2012 WL 1909333, at *6 (N.D. Cal. May 24, 2012) ("Nor can plaintiff get around its lack of standing at this pleading stage by relying on the juridical-link doctrine."); see also Cady, 583 F. Supp. 2d at 1107 ("[T]he doctrine, developed in the context of class certification analysis under Rule 23, should properly remain in the analysis of adequacy and typicality of plaintiffs for which it was originally conceived.") (internal quotation omitted); Henry, 223 F.R.D. at 544 n.2 (D. Nev. 2004) ("The Court declines to import La Mar's 'juridical link' doctrine into an Article III analysis. A doctrine developed under Rule 23 based on judicial efficiency and expedience does not play a role in an Article III standing analysis.").

Plaintiff cites no case in the Ninth Circuit where the juridical link doctrine has been used to establish standing for an individual to represent a class against entities that the individual does not otherwise have standing to sue. Instead, Plaintiff points to dicta in Cady, where although the district court declined to apply the juridical link doctrine to a standing analysis, it noted that the

8 – OPINION & ORDER

plaintiff might have been able to assert claims against multiple defendants if plaintiff could show that "[d]efendants shared some relationship such that they should be treated as a single entity." 583 F. Supp. 2d at 1107. However, in the absence of any facts in the complaint alleging such a relationship, the court declined to assume "hypothetical jurisdiction" and instead dismissed the claims because "Plaintiff's lack of standing [was] apparent from the face of the complaint." Id. This Court similarly notes that perhaps Plaintiff can amend the Complaint to allege facts demonstrating that the Defendants should be treated as a single entity. However, the Complaint as written fails to establish that the Plaintiff has standing to bring claims against the Moving Defendants.

**II.    Leave to Amend**

If the court dismisses a complaint, it must decide whether to grant leave to amend. See 28 U.S.C. § 1653. The Ninth Circuit has repeatedly held that dismissal without leave to amend is improper, even if no request to amend the pleading was made, unless it is clear that the defective pleading cannot possibly be cured by the allegation of additional facts. Snell v. Cleveland, Inc., 316 F.3d 822, 828 n. 6 (9th Cir. 2002) (citing Lee v. City of Los Angeles, 250 F.3d 668, 692 (9th Cir. 2001)); Lopez v. Smith, 203 F.3d 1122, 1130–31 (9th Cir. 2000).

Here, Plaintiff includes in her Memorandum in Opposition to Defendants' Motion to Dismiss a request for an opportunity to file an amended complaint to include information that Plaintiff has learned through discovery. While Plaintiff's motion for leave to amend does not comport with Local Rule 7-1(b),[3] the Court nevertheless grants Plaintiff leave to amend her Complaint.

**CONCLUSION**

---

[3] Local Rule 7-1(b) states that that a motion "may not be combined with any response, reply, or other pleading."

9 – OPINION & ORDER

Defendants' motion to dismiss [32] is GRANTED. Defendants' motion for judgment on the pleadings [32] is DENIED as moot. Plaintiff is granted leave to amend the Complaint to allege facts sufficient to demonstrate that she has standing to sue the Moving Defendants. If Plaintiff chooses to amend her complaint, she must do so within 30 days of the date below.

IT IS SO ORDERED.

Dated this 9 day of December, 2014.

*Marco Hernández*
MARCO A. HERNÁNDEZ
United States District Judge

10 – OPINION & ORDER