IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


SABRINA GRETE CARRANZA,
on behalf of herself and all others
similarly situated,

                Plaintiff,

     v.

GEICO GENERAL INSURANCE
COMPANY, GEICO INDEMNITY
COMPANY, and GOVERNMENT
EMPLOYEES INSURANCE
COMPANY,

                Defendants.

No. 3:13-cv-1932-HZ

OPINION & ORDER

Steve D. Larson
Jennifer S. Wagner
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 SW Oak Street, Suite 500
Portland, OR 97204

Rodney F. Pillsbury (*pro hac vice*)
PILLSBURY & READ, P.A.
1204 E. Washington St.
Greenville, SC 29601

       Attorneys for Plaintiff

1 – OPINION & ORDER

Douglas G. Houser
Stuart D. Jones
BULLIVANT HOUSER BAILEY PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, OR 97204

Sheila Carmody (*pro hac vice*)
Joshua Grabel (*pro hac vice*)
SNELL & WILMER LLP
400 East Van Buren St., Suite 1900
Phoenix, AZ 85004

      Attorneys for Defendants

HERNÁNDEZ, District Judge:

      Plaintiff Sabrina Carranza brings this class action lawsuit alleging breach of contract against Defendants Government Employees Insurance Company ("GEICO"), GEICO General Insurance Company ("GEICO General"), and GEICO Indemnity Company ("GEICO Indemnity") (collectively, "Defendants"). Defendants move to dismiss Plaintiff's claim against GEICO and GEICO General (collectively, "Moving Defendants"), because Plaintiff had no privity of contract with them and thus lacks standing. In a previous Opinion and Order, this Court dismissed Plaintiff's claim against Moving Defendants for lack of standing, but granted Plaintiff leave to amend her Complaint. Opinion & Order, December 9, 2014 [47]. Because Plaintiff once again fails to allege facts sufficient to demonstrate that she has standing to bring a claim against Moving Defendants, the Court grants Defendants' motion to dismiss.

## BACKGROUND

      Plaintiff had two vehicles insured under one automobile insurance policy issued by GEICO Indemnity.[1] First Amended Complaint ("Am. Compl.") ¶¶ 13-15. The policy provided

---

[1] Plaintiff's Amended Complaint alleges that her insurance policy was issued by "Defendant GEICO," who she defines as "GEICO and its affiliates," including GEICO General and GEICO

2 – OPINION & ORDER

that, in the event of a collision, the insurance company would "pay for the collision loss to the owned auto or non-owned auto for the amount of each loss less the applicable deductible." <u>Id.</u> ¶ 14. The policy also stated that "losses arising out of a single occurrence shall be subject to no more than one deductible." <u>Id.</u> Plaintiff's two vehicles collided with each other. <u>Id.</u> ¶ 15. When Plaintiff's claims were processed, she was charged a deductible for each vehicle. <u>Id.</u> ¶ 19. Plaintiff brings this lawsuit as a class action on behalf of all other current and former holders of GEICO automobile insurance policies that have been issued directly by GEICO or one or more of its affiliates, "GEICO General, GEICO Indemnity, et al.," with the language described and whose vehicles were involved in a collision with another vehicle insured under the same policy. <u>Id.</u> ¶¶ 1, 24.

## STANDARDS

"A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit." <u>Cetacean Cmty. v. Bush</u>, 386 F.3d 1169, 1174 (9th Cir. 2004). A challenge to standing is appropriately raised as a motion to dismiss for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1). <u>Maya v. Centex Corp.</u>, 658 F.3d 1060, 1067 (9th Cir. 2011).

To establish Article III constitutional standing, a plaintiff must demonstrate: (1) an injury-in-fact, (2) a causal connection between the injury and the conduct complained of, and (3) the redressability of the injury. <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560 (1992). "[A] named plaintiff cannot acquire standing to sue by bringing his action on behalf of others who suffered injury which would have afforded them standing had they been named plaintiffs . . . .

---

Indemnity. Am. Compl. ¶ 12-13. The parties do not dispute that Plaintifff's policy was issued by GEICO Indemnity. Whether GEICO Indemnity and GEICO are a singular, universal entity forms the basis of the dispute in this Motion to Dismiss.

Standing cannot be acquired through the back door of a class action." <u>Allee v. Medrano</u>, 416

U.S. 802, 828 (1974) (internal quotation omitted).

If the court determines a suit lacks constitutional standing, it must dismiss the claim

under Rule 12(b)(1). <u>Cetacean Cmty.</u>, 386 F.3d at 1174. In determining constitutional standing,

"it is within the trial court's power to allow or to require the plaintiff to supply, by amendment to

the complaint or by affidavits, further particularized allegations of fact deemed supportive of

plaintiff's standing." <u>Maya</u>, 658 F.3d at 1067 (9th Cir. 2011) (quoting <u>Warth v. Seldin</u>, 422 U.S.

490, 501 (1975)).

## DISCUSSION

Plaintiff amended her Complaint to allege that GEICO Indemnity and Moving

Defendants are a "single, universal entity." Am. Compl. ¶ 12. Plaintiff argues that she has

standing in her claims against all Defendants because there is a special relationship between

them, such that they should be treated as a single entity, even though she purchased her policy

from only GEICO Indemnity. Moving Defendants repeat their arguments from their previous

motion to dismiss and argue that Plaintiff had no privity of contract with them and, therefore,

Plaintiff lacks standing.

## I.   Previous Motion to Dismiss

This Court previously found:

> In this case, Plaintiff cannot assert a claim directly against Moving Defendants because
> she did not purchase an insurance policy from them and, therefore, they did not cause her
> an actual injury. Without an actual injury, Plaintiff cannot establish standing.

Opinion & Order, December 9, 2014, [47]. The Court described how other district courts in the

Ninth Circuit have concluded that in a class action lawsuit:

> [A]t least one named plaintiff must have standing in his own right to assert a claim
> against each named defendant before he may purport to represent a class claim against

that defendant. This is not to say that each named plaintiff must have a claim against each named defendant, for . . . standing would be quite difficult to achieve if that were the rule. Rather, what is required is that for every named defendant there be at least one named plaintiff who can assert a claim directly against that defendant. At that point, Article III standing is satisfied and only then will the inquiry shift to a Rule 23 analysis.

Henry v. Circus Circus Casinos, Inc., 223 F.R.D. 541, 544 (D. Nev. 2004); see also Cady v.

Anthem Blue Cross Life & Health Ins. Co., 583 F. Supp. 2d 1102, 1107 (N.D. Cal. 2008);

Siemers v. Wells Fargo & Co., No. 05-cv-04518 WHA, 2006 WL 3041090, at *5–7 (N.D. Cal.

Oct. 24, 2006).

Furthermore, Plaintiff was unable to distinguish this case from Lee v. American Nat. Ins.

Co., 260 F.3d 997 (9th Cir. 2001). In Lee, the Ninth Circuit held that a plaintiff who purchased

life insurance policies from American National Insurance Company (ANI) lacked standing to

represent a putative class of plaintiffs who had bought similar policies from American National

Life Insurance Company of Texas (ANTEX), a wholly owned subsidiary of ANI. "[B]ecause

Lee had not purchased an ANTEX policy, he could not demonstrate that he had suffered an

actual injury and therefore could not establish standing to bring suit in federal court." Lee, 260

F.3d at 999.

Instead, Plaintiff rested her argument on dicta from Cady, in which the district court

declined to apply the juridical link doctrine to a standing analysis, yet noted that the plaintiff

might have been able to assert claims against multiple defendants if plaintiff could show that

"[d]efendants shared some relationship such that they should be treated as a single entity." 583 F.

Supp. 2d at 1107. However, in the absence of any facts in the complaint alleging such a

relationship, the court declined to assume "hypothetical jurisdiction" and instead dismissed the

claims because "Plaintiff's lack of standing [was] apparent from the face of the complaint." Id.

5 – OPINION & ORDER

Giving Plaintiff the benefit of the doubt, this Court considered <u>Cady</u> and noted that "perhaps Plaintiff can amend the Complaint to allege facts demonstrating that the Defendants should be treated as a single entity." Opinion & Order, Dec. 9, 2014 [47].

## II.    Present Motion to Dismiss

Plaintiff amended her Complaint to include allegations of a "special relationship" between GEICO Indemnity and Moving Defendants. Specifically, Plaintiff alleges that GEICO is the parent entity that establishes the language and decides the interpretation of the language in automobile insurance policies issued directly by GEICO or through one of its affiliated entities, such as GEICO General and GEICO Indemnity. <u>Id.</u> ¶¶ 3, 7, 10-11. Plaintiff alleges that GEICO and its affiliates operate as a "single, universal entity." <u>Id.</u> ¶ 12. According to Plaintiff, GEICO affiliates do not have claims departments of their own and do not have the authority to interpret the terms and language of the automobile policy in a way that differs from the guidelines set by GEICO. <u>Id.</u> ¶ 11.

The amendments to Plaintiff's Complaint simply replicate the arguments that Plaintiff made in opposition to Defendants' First Motion to Dismiss. Therefore, for the same reasons this Court already explained in its December 9, 2014 Opinion & Order, Plaintiff lacks Article III standing. Plaintiff has privity of contract only with GEICO Indemnity and, therefore, cannot demonstrate an injury-in-fact caused by either of the Moving Defendants, who are each separate and distinct corporate entities.

Plaintiff cites one additional case from the Western District of Washington in support of her arguments. In <u>Martin v. Twin City Fire Insurance Company</u>, the plaintiff filed a complaint against Twin City Fire Insurance, The Hartford Financial Services Group, Inc., and Hartford Fire Insurance Company, arising from the insurance companies' failure to pay diminished value of

her vehicle after filing an underinsured motorist claim. No. 08-5651RJB, 2009 WL 902072

(W.D. Wa. Mar. 31, 2009) Hartford Financial and Hartford Fire moved to dismiss for lack of

standing because they did not issue insurance policies to the named insured. The court denied the

defendants' motion, because plaintiff had "sufficiently alleged the corporate structure and

business inter-relationship of the named defendants" and the allegations were "enough to raise

the issue of business relationships above the speculative level and, therefore, should move

forward." Id. at *2. The court's opinion does not provide any information about the extent of

plaintiff's allegations about the corporate structure or business relationships of the defendants.

Therefore, this Court is unable to determine how the plaintiff's allegations compare with the

present case.

In addition, Plaintiff fails to mention a subsequent case from the Western District of

Washington that reaches a different conclusion than Martin. In Fosmire v. Progressive Max. Ins.

Co., the plaintiff brought suit against Progressive Max Insurance Company, Progressive Casualty

Insurance Company, Progressive Direct Insurance Company, and Progressive Corporation. No.

C10-5291JLR, 2010 WL 3489595 (W.D. Wa. Aug. 31, 2010). The plaintiff alleged that the

defendants failed to compensate her and other similarly-situated policyholders from diminished

value loss under the uninsured motorist coverage contained in automobile policies sold by the

defendants. The defendants moved to dismiss three of the named defendants—all but Progressive

Max, who had sold her the insurance policy. Id. at *2. The court agreed with the defendants and

dismissed all of the defendants with whom the plaintiff lacked contractual privity. Id. at *3. The

court stated:

> It is undisputed that Ms. Fosmire is not in contractual privity with Progressive Casualty,
> Progressive Corporation, or Progressive Direct. Progressive Max is clearly identified as
> the underwriter of Ms. Fosmire's policy and is the entity with whom Ms. Fosmire
> contracted. (Glade Decl. Ex. B at 2.) Ms. Fosmire's arguments to overcome these

7 – OPINION & ORDER

> undisputed facts do not demonstrate that the actions of Progressive Casualty, Progressive Corporation, and Progressive Direct injured her in a personal or individualized way. First, Ms. Fosmire's allegation that Progressive Casualty "processes, adjusts and sets the claims adjusting policies for payment of diminished value on UIM claims for all the Progressive family of companies, including [Progressive Max]" (Compl.¶ 1.8) is insufficient to confer standing on Ms. Fosmire based on her claims for breach of the insurance policy she entered into with Progressive Max. See Hovenkotter, 2009 WL 6698629, *3–4; cf. Shin, 2009 WL 688586, at *5. Second, even accepting that Progressive Direct drafted Ms. Fosmire's insurance policy, the policy is with Progressive Max, not Progressive Direct. Likewise, the denial of coverage letters identify Progressive Max as the underwriter, and Ms. Fosmire does not explain how Progressive letterhead is sufficient to confer standing where there is no question that her policy is with Progressive Max. Third, even accepting that Defendants share "common leadership, pooling interests and management," the court does not find this sufficient without more.

Id. at *3. The court cited Shin v. Esurance Ins. Co., No. C8-5626 RBL, 2009 WL 688586 (W.D. Wash. Mar. 13, 2009), where the court refused "to embrace the notion that all related companies may be haled into court for the actions of one ... of those interrelated, but distinct, companies merely because they have agreed on common practices," and Hovenkotter v. Safeco Corp., No. C09-218JLR, 2009 WL 6698629, at *4 (W.D. Wash. Aug. 3, 2009) ("While the court accepts as true Mr. Hovenkotter's contention that the Defendants in this case all engaged in the same conduct that caused Mr. Hovenkotter's injury, Mr. Hovenkotter does not link his injury with any action taken by either Safeco America or Safeco Corporation. The court therefore finds that Mr. Hovenkotter's asserted harm against Safeco America and Safeco Corporation is merely a statement of a "generalized grievance," and does not confer standing on Mr. Hovenkotter to sue either Safeco America or Safeco Corporation.")

This Court finds Fosmire, Shin, and Hovenkotter more persuasive than Martin. Taking all facts alleged by Plaintiff as true, the Court accepts that the language and terms of GEICO Indemnity's automobile insurance policy, and the interpretation of that language and those terms, are set by GEICO. Nevertheless, those facts do not demonstrate that GEICO, GEICO Indemnity, and GEICO General should be treated as a single entity. Plaintiff's alleged injury was caused by

8 – OPINION & ORDER

GEICO Indemnity only, when GEICO Indemnity allegedly breached the contract between it and

Plaintiff. Plaintiff does not link this injury with any action taken by Moving Defendants.

Plaintiff's inability to allege facts sufficient to support a finding that she has suffered an injury

that is fairly traceable to the conduct of the Moving Defendants is fatal to her claim against them.

**CONCLUSION**

Defendants' motion to dismiss Defendants GEICO and GEICO General [49] is

GRANTED.

IT IS SO ORDERED.

Dated this _____ day of _____, 2015.

_____
MARCO A. HERNÁNDEZ
United States District Judge