IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SABRINA GRETE KAUFMAN,
f/k/a Sabrina Grete Carranza,

                  Plaintiff,

    v.

GEICO INDEMNITY COMPANY,

                  Defendant.

No. 3:13-cv-01932-HZ

OPINION & ORDER

Keil M. Mueller
Jennifer S. Wagner
Steve D. Larson
STOLL STOLL BERNE
LOKTING & SHLACHTER P.C.
209 SW Oak Street
Portland, OR 97214

Rodney F. Pillsbury
PILLSBURY & READ, P.A.
1204 E. Washington
Greenville, SC 29601

        Attorneys for Plaintiff

Joshua Grabel
Sheila Carmody
SNELL & WILMER LLP
One Arizona Center
400 East Van Buren St. Suite 1900
Phoenix, AZ 85004

Douglas G. Houser
Stuart Duncan Jones
BULLIVANT HOUSER BAILEY, PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, OR 97204

      Attorneys for Defendant

HERNÁNDEZ, District Judge:

      Plaintiff Sabrina Carranza brings this class action lawsuit alleging that Defendant GEICO

Indemnity Company breached the parties' automobile insurance policy contract (hereinafter,

"Policy"). The parties bring cross-motions for summary judgment, urging this Court to interpret

the Policy in their favor. At issue is the application of deductibles to damage incurred as a result

of a collision between two vehicles insured under one Policy. Plaintiff contends that the Policy

prohibits Defendant from applying a deductible to each vehicle. Defendant argues that each

vehicle is subject to a deductible, even if it is involved in an accident with another vehicle

insured under the same Policy. For the reasons that follow, the Court agrees with Defendant and,

therefore, grants its motion for summary judgment.

## BACKGROUND

      Plaintiff had two vehicles insured under one Policy issued by GEICO Indemnity. First

Amended Complaint ("Am. Compl.") ¶¶ 13-15. Plaintiff's two vehicles collided with each other.

Id. ¶ 15. When Plaintiff's claims were processed, she was charged a deductible for each vehicle.

Id. ¶ 19. Plaintiff brings this lawsuit as a class action on behalf of all other current and former

holders of GEICO Indemnity automobile insurance policies whose vehicles were involved in a collision with another vehicle insured under the same policy. Id. ¶¶ 1, 24.

The "Declarations Page" of the Policy summarizes the coverage that Defendant agreed to provide Plaintiff, and the costs that Plaintiff agreed to pay in exchange for such coverage. Policy[1] at 3. The Policy insured two vehicles. Id. The Policy listed Plaintiff as the "named insured" and listed Plaintiff's husband[2] as the "additional driver." Id. The Policy provided for collision coverage for each vehicle, among other provisions. Id. The cost for such coverage differed between the vehicles, reflecting the age and value of each vehicle. Id. Both vehicles had a $500 deductible. Id. The Policy provided the same coverage for each vehicle for several other kinds of liability, such as bodily injury and property damage. Id. Coverage for each vehicle differed only as to "Emergency Road Service"—Plaintiff elected and paid for such coverage for her husband's vehicle, but not for her own. Id.

## STANDARDS

### I.      Summary Judgment

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial responsibility of informing the court of the basis of its motion, and identifying those portions of "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).

---

[1] The whole Policy was filed as Attachment 2 to Defendant's Concise Statement of Material Fact. See ECF 70-2.
[2] At the time of the accident, Plaintiff and her husband were not yet married.

Once the moving party meets its initial burden of demonstrating the absence of a genuine issue of material fact, the burden then shifts to the nonmoving party to present "specific facts" showing a "genuine issue for trial." <u>Fed. Trade Comm'n v. Stefanchik</u>, 559 F.3d 924, 927–28 (9th Cir. 2009) (internal quotation marks omitted). The nonmoving party must go beyond the pleadings and designate facts showing an issue for trial. <u>Bias v. Moynihan</u>, 508 F.3d 1212, 1218 (9th Cir. 2007) (citing <u>Celotex</u>, 477 U.S. at 324).

The substantive law governing a claim determines whether a fact is material. <u>Suever v. Connell</u>, 579 F.3d 1047, 1056 (9th Cir. 2009). The court draws inferences from the facts in the light most favorable to the nonmoving party. <u>Earl v. Nielsen Media Research, Inc.</u>, 658 F.3d 1108, 1112 (9th Cir. 2011).

If the factual context makes the nonmoving party's claim as to the existence of a material issue of fact implausible, that party must come forward with more persuasive evidence to support his claim than would otherwise be necessary. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).

## II.    Insurance Contract Interpretation

Under Oregon law the construction of an insurance contract is a question of law for the court. <u>Holloway v. Republic Indem. Co. of Am.</u>, 341 Or. 642, 649, 147 P.3d 329, 333 (2006) (citing <u>Hoffman Const. Co. of Alaska v. Fred S. James & Co. of Ore.</u>, 313 Or. 464, 470, 836 P.2d 703 (1992)). The Court's task is to "ascertain the intention of the parties to the insurance policy." <u>Id.</u> at 649–50 (citing Or. Rev. Stat. § 742.016). The Court accomplishes this "based on the terms and conditions of the insurance policy." <u>Id.</u> "Like most states, Oregon determines the intent of parties to an insurance contract by looking first to the plain meaning of any disputed

terms and then to the structure and context of the policy as a whole." Anderson Bros. v. St. Paul
Fire & Marine Ins. Co., 729 F.3d 923, 931 (9th Cir. 2013).

Where the contract unambiguously expresses the intent to provide coverage or to not
provide coverage, the contract language is controlling. See Allstate Ins. Co. v. State Farm Mutual
Auto. Ins. Co., 67 Or.App. 623, 627, 679 P.2d 879 (1984) (where contract language is
unambiguous, courts will "apply those terms and will not create coverage where none was
intended by the contract").

If the parties' intent cannot be determined by the plain meaning of disputed terms and the
structure and context of the policy, the policy will be construed against the insurer, because "any
reasonable doubt as to the intended meaning of [an ambiguous] term will be resolved against the
insurance company and in favor of extending coverage to the insured." Anderson Bros., 729 F.3d
at 931 (quoting N. Pac. Ins. Co. v. Hamilton, 332 Or. 20, 22 P.3d 739, 742 (2001) (quotation
marks omitted); accord Hoffman, 836 P.2d at 707.

## DISCUSSION

Section III of the Policy, "Physical Damage Coverages," details Defendant's coverage of
loss or damage to vehicles insured under the Policy. In particular, a section titled "Losses We
Will Pay for You" contains a provision, "Collision," which states:

1. We will pay for collision loss to the owned auto or non-owned auto for the amount of
   each loss less the applicable deductible.
2. We will pay up to $200 per occurrence, less the applicable deductible, for loss to
   personal effects due to a collision. The property must be owned by you or a relative,
   and must be in or upon an owned auto.
3. Losses arising out of a single occurrence shall be subject to no more than one
   deductible.

Policy at 13 (emphasis removed from original). The Policy defines the following terms:

Collision means loss caused by upset of the covered auto or its collision with another
object, including an a [sic] attached vehicle.

5 - OPINION & ORDER

> Loss means direct and accidental loss of or damage to:
> (a) an insured auto, including its equipment; or
> (b) other property insured under this section.

Policy at 12 (emphasis removed from original).

Plaintiff focuses her argument on the following Policy clause (hereinafter, "Single Occurrence Provision"): "Losses arising out of a single occurrence shall be subject to no more than one deductible." Plaintiff contends that when vehicles are involved in an accident[3], even if the accident involves two vehicles insured under one policy, the accident constitutes a "single occurrence." Therefore, according to Plaintiff, only one deductible should be applied to any losses arising out of the accident, no matter whether one or both cars sustain damage. Here, each of the vehicles insured under Plaintiff's Policy had a $500 deductible. When the vehicles sustained damage after colliding with each other, Plaintiff contends that Defendant should have only applied one $500 deductible towards the cost of all of the damage.

However, Plaintiff's proposed interpretation ignores another provision contained within the same section of the Policy. That provision, titled "Two or More Autos," states:

> If this policy covers two or more autos . . . the limit of coverage and any deductibles apply separately to each.

Policy at 13-15. The Two or More Autos Provision unambiguously provides that, in a case like the present one, each vehicle is subject to separate deductibles. Because the Two or More Autos Provision has a plain meaning, the Court applies that meaning and does not need to conduct any further analysis. See Holloway, 341 Or. at 650.

Interpreting the Policy in the way Plaintiff urges would render the Two or More Autos Provision meaningless and run counter to basic principles of contract interpretation. See

---

[3] While the Policy does not define "occurrence," the parties do not dispute that in the context of an automobile insurance policy, the act of two automobiles colliding with each other is an accident, and by extension, an occurrence. See Wagner Decl. Ex. 1 at 5 (Fetchina Dep. 25:14-19), ECF 76-1.

Hoffman, 313 Or. at 472 ("We assume that parties to an insurance contract do not create meaningless provisions."); New Zealand Ins. v. Griffith Rubber, 270 Or. 71, 75, 526 P.2d 567 (1974) (an insurance policy is to be reasonably interpreted "so that no part of it is ignored and effect can be given to every word and phrase").

Furthermore, even if the Two or More Autos Provision is inconsistent with the Single Occurrence Provision, the Two or More Autos Provision controls, because "when a contract contains inconsistent terms, the specific controls over the general." See Oregon Sw., LLC v. Kvaternik, 214 Or. App. 404, 409, 164 P.3d 1226, 1229 (2007). Section III has general language, including the Single Occurrence Provision, that applies when there is a collision. The Two or More Autos Provision only applies when there is a collision between vehicles covered under the Policy and, thus, is more specific. The more specific Two or More Autos Provision serves to modify, or controls over, the more general provision addressing collision losses.

Alternatively, Plaintiff argues that the Court should look to other sections of the Policy that also contain Two or More Autos Provisions. According to Plaintiff, Defendant applies the Two or More Autos Provisions differently in other sections. Plaintiff argues that Defendant cannot "have its cake and eat it too," and that it must apply the Two or More Autos Provisions consistently throughout the Policy.

As an example, Section I of the Policy, titled "Liability Coverages, Your Protection Against Claims from Others, Bodily Injury Liability, Property Damage Liability," contains a nearly identical Two or More Autos Provision as the one found in Section III. The provision in Section I, as it relates to bodily injury, states:

> TWO OR MORE AUTOS. If this policy covers two or more autos, the limit of coverage applies separately to each.

Policy at 10. In addition, Section I states:

Regardless of the number of autos or trailers to which this policy applies:

1. The limit of bodily injury liability stated in the declarations as applicable to "each person" is the limit of our liability for all damages, including damages for care and loss of services, because of bodily injury sustained by one person as the result of one occurrence.

Policy at 9 (emphasis removed from original).

The parties agree that, in the case of a collision between two vehicles insured under one Policy, Defendant will provide up to the limit of bodily injury liability coverage for an injured person to indemnify the person who is at fault in the accident. See Wagner Decl. Ex. 1 at 5 (Fetchina Dep. 25:14-19), ECF 76-1. Even though each vehicle may carry bodily injury liability coverage, an injured person will be compensated based on only on the coverage of one of the vehicles. Id. While the Two or More Autos Provision means that each vehicle carries its own limit of coverage, it does not alter the other language in Section I that limits the bodily injury liability available to a person as the result of an occurrence. Plaintiff argues that, if Defendant applied the Two or More Autos Provisions consistently, the bodily injury liability limit would apply separately to each vehicle in an accident and, therefore, an injured person could recover up to the limit from *each* vehicle's coverage.

The Court is unpersuaded by Plaintiff's argument. Contract language is ambiguous only "if it is susceptible to more than one *reasonable* interpretation," Madson v. W. Oregon Conference Ass'n of Seventh-Day Adventists, 209 Or. App. 380, 384, 149 P.3d 217, 219 (2006) (emphasis added). Plaintiff's proposed interpretation is not reasonable. Section I and Section III provide two entirely different types of coverage. Each contains a disclaimer prior to their Two or More Autos Provision that states that the provision, among other conditions, applies to that particular section. See Policy at 10, 15. It is not reasonable to assume that conditions in one

section would apply to another section, or even that the conditions would operate in the same way, given the difference in the kind of coverage provided by each section.

Furthermore, throughout the Policy, the coverage terms are conceptually oriented around a single covered vehicle. However, when it is important for the Policy to clarify how the coverage would apply to a situation where two or more covered vehicles are involved in an accident, the Policy contains specific language to make the parties' intentions clear. The Two Autos Provision in Section III is an example of such a clarification.

Finally, Plaintiff asserts that any ambiguity in the Policy must be resolved against the drafter of the policy, Defendant. Because the Policy is not ambiguous, this principle of contract interpretation is not relevant.

## CONCLUSION

Defendant's motion for summary judgment [69] is granted. Accordingly, this case is DISMISSED with prejudice. Pending motions are dismissed as moot.

IT IS SO ORDERED.

Dated this _____ day of _____, 2015.

MARCO A. HERNÁNDEZ
United States District Judge