**Steve D. Larson,** OSB No. 863540
Email: slarson@stollberne.com
**Jennifer S. Wagner**, OSB No. 024470
Email: jwagner@stollberne.com
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. Oak Street, Suite 500
Portland, OR 97204
Telephone:    (503) 227-1600
Facsimile:    (503) 227-6840

**Rodney F. Pillsbury** (Admitted *Pro Hac Vice*)
Email:  rpillsbury@prlawpa.com
PILLSBURY & READ, P.A.
1204 E. Washington St.
Greenville, SC 29601
Telephone:    (864) 241-9828
Facsimile:    (864) 241-9818

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| SABRINA GRETE KAUFMAN, on behalf of herself and all others similarly situated,<br><br>                     Plaintiff,<br><br>    v.<br><br>GEICO INDEMNITY COMPANY,<br><br>                     Defendant. | Case No. 3:13-cv-01932-HZ<br><br>**OBJECTIONS TO DEFENDANT'S COST BILL**<br><br>**ORAL ARGUMENT REQUESTED** |

Page 1 **– OBJECTIONS TO DEFENDANT'S COST BILL**

Pursuant to FRCP 54 and LR 54-1, plaintiff Sabrina Grete Kaufman ("plaintiff" or "Kaufman")[1] hereby files her objections to Defendant GEICO Indemnity Company's Bill of Costs filed June 19, 2015 [Docket No. 83] ("Cost Bill").

## I.     INTRODUCTION

Plaintiff requests in the first instance that defendant's Cost Bill be denied in its entirety because, prior to filing, defendant failed to confer pursuant to LR 7-1(a)(1).

Plaintiff also requests that this Court exercise its discretion to deny all costs to defendant on the ground that awarding the $5,575.47 in costs requested by defendants would be inequitable. In particular, an award of costs would be unjust because it would chill consumers' efforts to enforce the terms of their insurance agreements where the dollar amounts at issue are relatively small, because of the economic disparity between plaintiff and defendant, and because the issues in this case were close and difficult and plaintiff's claims had merit.

In the event this Court declines to deny all of defendant's costs, plaintiff objects to many of defendant's claimed costs on the ground that they are not recoverable under 28 U.S.C. §1920, and on the ground that defendant has failed to prove that the costs were necessarily incurred in this case, as required by LR 54-1(a)(1), 28 U.S.C. §1920, and 28 U.S.C. §1924.

## II.    ARGUMENT

### A.    Defendant Failed to Confer Prior to Filing

LR 7-1(a)(1) requires that parties confer prior to the filing of motions, and under LR 7-1(a)(3) a court may deny a motion that does not meet this requirement. In this case, defendant filed its Cost Bill, and its Supplementary Request for Attorneys' Fees [Docket No. 84]

---

[1] During a telephone call on June 24, 2015, counsel for defendant confirmed that defendant seeks an award of costs against Kaufman only. *See* Declaration of Steve D. Larson in Support of Opposition to Defendant's Supplementary Request for Attorneys' Fees and in Support of Objections to Defendant's Cost Bill ("Larson Dec."), ¶ 2.

Page 2 – **OBJECTIONS TO DEFENDANT'S COST BILL**

("Attorney Fee Motion") on June 19, 2015. Counsel for plaintiff had no prior notice that these were coming. Larson Dec., ¶ 2. On the afternoon of June 23, 2015, four days after filing the Cost Bill and Attorney Fee Motion, counsel for defendant contacted plaintiff's counsel to confer about them. *Id.* On June 24, 2015, counsel for the parties participated in a telephone call. Later that day, defendant filed a Certificate of Compliance with Local Rule 7-1(a) Re: Request for Fees, AZ Resident (Dkt. #84) [and] Bill of Costs (Dkt. # 83) [Docket No. 86], which stated, in pertinent part: "Pursuant to Local Rule 7-1(a), the undersigned, Sheila Carmody and Stuart D. Jones, conferred in good faith with counsel for the Plaintiff by telephone regarding whether Plaintiff would agree to either the Bill of Costs [Dkt. #83] or requested fees limited to Arizona resident [Dkt. #84]." This statement leaves the impression that defendant complied with LR 7-1(a) and conferred with plaintiff prior to filing, when no such conferral took place or was even attempted. Because defendant failed to comply with LR 7-1(a)(1), its Cost Bill should be denied.

      **B.**    **The Court Should Exercise Its Discretion to Deny All Costs to Defendant Because Awarding Costs Would Be Inequitable Under the Circumstances**

The court has broad discretion to disallow costs to a prevailing party, *Frederick v. City of Portland*, 162 F.R.D. 139, 142 (D. Or. 1995), and "may 'deny costs to a prevailing party for reasons other than punishing misconduct.' " *Mak v. Asante*, 2007 WL 2344824, *1 (D. Or. 2007), *quoting Kelley v. Sears, Roebuck, and Co*., 2004 WL 1824121, *3 (D. Or. 2004); *see also Nederhiser v. Foxworth*, 2007 WL 1378602, *1 (D. Or. 2007) ("Rule 54(d) allows a court to decline to tax costs, but does not authorize a court to award excess costs in the absence of a specific congressional command" [internal quotation marks and citation omitted]).

In *Association of Mexican-American Educators v. State of California*, 231 F.3d 572, 592 (9th Cir. 2000), the Ninth Circuit set forth the factors a court should consider in deciding whether to award costs against a non-prevailing party. Those factors include: the losing party's limited

Page 3 – **OBJECTIONS TO DEFENDANT'S COST BILL**

financial resources, misconduct on the part of the prevailing party, the chilling effect on future litigants, whether the case involves issues of substantial public importance, whether there is great economic disparity between parties, whether the issues in the case are close and difficult, and whether the plaintiffs' case, although unsuccessful, had some merit. *See also Sy v. United Parcel Service Gen. Services Co.*, 1999 WL 447458, *2 (D. Or. Jun. 23, 1999) (denying costs to defendant "[c]onsidering the economic hardship an award of costs would impose on the plaintiffs, considering the disparity in resources between the parties, and given that public access to the court system for all litigants with good faith claims is important"). Applying the above factors to this case, this Court should deny costs to defendant.

### 1. This action raised issues of substantial public importance and an award of costs would have a chilling effect on future litigants seeking to raise such issues

In this case, plaintiff sought to represent auto insurance policyholders who were, as a result of defendant's erroneous interpretation of its insurance policy, systematically charged excessive deductibles for certain types of claims; specifically, claims involving the collision of two vehicles insured under the same policy. At class certification, plaintiff moved to certify classes in Oregon, Illinois, California, and Texas, and anticipated that the class would include 232 policyholders. *See* Plaintiff's Motion for Class Certification and Memorandum in Support of Motion [Docket No. 51] ("Class Cert. Motion"), at 6.

At the same time plaintiff's action carried the potential to benefit over two hundred policyholders, her individual stake in the litigation was relatively small. Her individual claim for the second deductible charged by defendant was only $500, not including prejudgment interest. *See* Class Cert. Motion, at 4; and Plaintiffs' Response to GEICO's Motion for Summary Judgment [Docket No. 75] ("Response to MSJ") at 13. To award almost $6,000 in costs to

Page 4 – **OBJECTIONS TO DEFENDANT'S COST BILL**

defendant would have a chilling effect on other consumers who might similarly seek to challenge their insurance companies with respect to commonly applicable coverage terms.

### 2. There is a significant economic disparity between the parties

Costs should also be denied because it would be inequitable to force plaintiff to pay the costs sought by defendant here given the massive economic disparity between the parties. It is an abuse of discretion to award costs against a losing plaintiff without considering her limited financial resources. *Ass'n of Mexican-American Educators*, 231 F.3d at 592; *Stanley v. Univ. of So. Calif.*, 178 F.3d 1069, 1079-80 (9th Cir. 1999).

Plaintiff is an individual of limited means, and does not have the ability to pay defendant's Cost Bill. *See* Declaration of Sabrina Kaufman in Support of Objections to Defendant's Cost Bill, ¶¶ 2-4. Defendant, in contrast, is a massive corporation with billions of dollars in assets. According to GEICO's own website, as of June 2004 defendant alone had assets in excess of $6.7 billion. *See* Larson Dec., Ex. 1.

### 3. Plaintiff's claims were not meritless

Plaintiff's claims against defendant were not meritless, although they were ultimately unsuccessful. The policy at issue does not allow two deductibles to be charged to plaintiff. The plain language provides, with respect to physical damage coverage which applies here, that "Losses arising out of a single occurrence shall be subject to no more than one deductible." *E.g.*, Complaint at ¶ 11. Defendant contended that language elsewhere in the policy—which provides "if the policy covers two or more autos or trailers, the limit of coverage and any deductibles apply separately to each—" trumps the single occurrence language. *E.g.*, GEICO's Motion for Summary Judgment [Docket No. 69] at 2. However, this clause confirms that a single policy may cover multiple vehicles. Plaintiff's reading of the provision is consistent with defendant's

Page 5 – **OBJECTIONS TO DEFENDANT'S COST BILL**

interpretation of the parallel Two Autos conditions elsewhere in the policy. *E.g.*, Response to MSJ at 8. The merit of plaintiff's position is further demonstrated by the practical implications of defendant's interpretation: if plaintiff's car would have been hit by a neighbor, she would not have had to pay a deductible, but because her car was hit by her husband's car, and his car was covered by her policy, she was required to pay a second deductible.

For all the above reasons, as a matter of equity, plaintiff – an individual consumer of modest means – should not be saddled with what would be for her a large financial burden, especially since, from defendant's perspective, the $5,575.47 it is seeking is less than pocket change. Accordingly, the Court should decline to award any costs to defendant.

### C. Specific Objections to Defendant's Cost Bill

Should the Court decline to deny all of defendant's claimed costs, plaintiff objects to defendant's claimed costs on the ground that many of the costs sought are not recoverable under 28 U.S.C. §1920, and on the ground that defendant has failed to prove, in many instances, that the costs were necessarily incurred in this case, as required by LR 54-1(a)(1) and 28 U.S.C. §1920. As such, if defendant is awarded any costs, the Cost Bill should be significantly reduced.

Cost bills should "be given careful scrutiny." *Koppinger v. Cullen-Schiltz & Assoc.*, 513 F.2d 901, 911 (8th Cir. 1975). Unless otherwise authorized by statute or contract, the types of costs that may be awarded under FRCP 54 are limited to those enumerated in 28 U.S.C. §1920. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987); *Kalitta Air LLC v. Central Texas Airborne Sys., Inc.*, 741 F.3d 955, 958 (9th Cir. 2013) (courts deciding whether to award costs must "hew closely to the statute's language, scheme, and context, recognizing that § 1920 is narrow, limited, and modest in scope"). Further, 28 U.S.C. §1924 requires that each item

Page 6 – **OBJECTIONS TO DEFENDANT'S COST BILL**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

on a bill of cost was "necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed." *See also* 28 U.S.C. § 1920(2) & (4).

Moreover, a party's conclusory assertion that the claimed costs were "reasonably and necessarily" incurred is not, by itself, sufficient. *Kraft v. Arden*, 2009 WL 73869, *9 (D. Or. 2009); *see also Arboireau v Adidas Salomon AG*, 2002 WL 31466564, *6 (D. Or. 2002) (same). Defendant has failed to show that most costs itemized in its Cost Bill were necessarily incurred the case. Accordingly, a significant reduction in the Cost Bill is warranted.

### 1. Pro hac vice fees

Defendant asks for $200 in *pro hac vice* fees for two of its out-of-state attorneys. *See* Cost Bill, Ex. A at 1. In *Kalitta Air LLC*, *supra,* however, the Ninth Circuit held that such costs are not recoverable. 741 F.3d at 958.

### 2. Service of process and witness fee for Dallis Hughes

Defendant seeks to recover $263.20 in costs relating to service of process and a witness fee relating to the deposition of former plaintiff Dallis Hughes. Mr. Hughes was voluntarily dismissed, without prejudice, on August 18, 2014. *See* Docket No. 27. On Friday, August 22, defendant filed a notice that it was going to subpoena Mr. Hughes for deposition, *see* Docket No. 30, and served him—on a rush basis—the following day. *See* Cost Bill, Ex. A, at 4. Along with service, defendant asserts that it paid a witness fee of $68 to Mr. Hughes. Defendant fails to explain why it needed to serve Mr. Hughes personally, instead of through counsel, or whether it attempted to secure Mr. Hughes' attendance at a deposition without the need for a witness fee. In addition, the process server's bill includes items such as "mileage" ($59.20), "rush fees" ($25), "fee advance" ($85), and "affidavit prep" ($10). These go beyond mere service and, moreover, appear to double-count the witness fee ("fee advance") that defendant also claims to have made.

Page 7 – **OBJECTIONS TO DEFENDANT'S COST BILL**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

*Kraft*, 2009 WL 73869, *9. These costs should not be allowed, both for the reasons set forth above and because, as explained below, defendant has failed to show that Mr. Hughes' deposition was necessary at all.

### 3. Depositions of Dallis Hughes and various defense witnesses

Defendant requests to be reimbursed for costs of depositions that were never used in the case, and has failed to offer any explanation as to their purported necessity. No parts of the transcripts of the depositions of Messrs. Antonacci or Hughes, or Ms. Franklin, were used in support of defendant's motion for summary judgment, *see* Docket Nos. 69, 80, or in opposition to plaintiff's motion for class certification, *see* Docket No. 62. Nothing warrants shifting the costs of those depositions and transcripts—either the $1,654.70 for court reporting services, or the $263.20 for service on and a witness fee for Hughes. *Moore v. Potter*, 2010 WL 4781528, *3 (D. Or. 2010) ("Without any basis to determine how Potter used the transcripts of Chamberlain, Marc Kersey, Santoro, and Johnson, the court is unable to determine whether Potter obtained those transcripts for his counsel's convenience or for pretrial preparation. … [T]he transcripts were not required for Potter's dispositive motion, as Potter never cited to the depositions of any of these witnesses to support his motion or his reply. … [T]he transcripts were not submitted in connection with any other filing in the case. Consequently, the court concludes that the cost of these depositions transcripts is not recoverable."); *AlexanderManuf., Inc. Employee Stock Ownership and Trust v. Illinois Union Ins. Co.*, 688 F.Supp.2d 1170, 1177 (D.Or. 2010) ("costs related to depositions that 'were merely useful for discovery' are not taxable" [citation omitted]).

### 4. Deposition costs beyond reporter fees and transcript costs

With respect to all depositions, including the depositions of plaintiff and Mr. Kaufman, defendant seeks costs beyond copies of transcripts, court reporter attendance, and scanning of

Page 8 – **OBJECTIONS TO DEFENDANT'S COST BILL**

exhibits. The submitted invoices include items such as electronic transcripts, delivery, production and handling, and archive fees (these costs for the depositions of Fetchina and the Kaufmans alone equal $229.10). *See* Cost Bill, Ex. A at 5-8, 10-12. These are not listed in 28 U.S.C. § 1920, and they are not recoverable. *Kalitta Air LLC*, 741 F.3d at 959; *Kraft*, 2009 WL 73869, *9.

### 5. Videotape expenses

Defendant requests $1,406.37 in videography-related costs incurred in connection with three depositions. *See* Cost Bill, Ex. A at 1. $514.49 relate to Mr. Hughes' deposition, and should be denied for the reasons stated above. This amount, plus the remaining $891.88, should also be denied because they are not expressly allowed by 28 U.S.C. § 1920(2), and they are unnecessary. As Judge Coffin held in *Davico v. Glaxosmithkline Pharmaceuticals*, "if a party wishes to videotape a deposition that is not a perpetuation deposition, it may certainly do so at its own expense, but this court is not going to pass on what it views to be an unnecessary expense to the other party by awarding such in a bill of costs." 2008 WL 624049, *2 (D. Or. 2008); *see also Arboireau*, 2002 WL 31466564, *6 (disallowing videotape costs where "[p]laintiffs obviously would be available to testify at trial, and the videotaping costs duplicate the costs for the transcript since both contain the same information"). The videographer invoices also include non-recoverable charges for masters as well as copies, parking, delivery, archiving, and synchronization. *See* Cost Bill, Ex. A at 11-12. Accordingly, defendants' videography-related costs should not be charged to plaintiffs.

### 6. Certified copies of public documents

Defendant claims $143.25 in "fees for certified true copies of public documents." *See* Cost Bill, Ex. A at 1. These should be disallowed given that such expenses are not expressly permitted under 28 U.S.C. §1920. Furthermore, the documents procured from the state—copies

Page 9 – **OBJECTIONS TO DEFENDANT'S COST BILL**

of form insurance policies from other insurance companies—were not necessarily obtained for use in the case. *See* Cost Bill, Ex. A at 14. Defendant offers no explanation as to these documents' necessity. In fact, when defendant tried to obtain similar documents from plaintiff (a replacement insurance policy she obtained from USAA after terminating her coverage with defendant), the Court ruled that such documents were irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. *See* Docket No. 65. These costs should be denied.

### III.   CONCLUSION

For all the foregoing reasons, defendant's Cost Bill should be denied in its entirety. In the alternative, the costs awarded defendant should be reduced by the $3,896.62 in objectionable charges. Thus, if any costs at all are awarded to defendant, they should not exceed $1,678.85.

DATED this 2nd day of July, 2015.

**STOLL STOLL BERNE LOKTING & SHLACHTER P.C.**

By: /s/ Steve D. Larson
**Steve D. Larson,** OSB No. 863540
**Jennifer S. Wagner**, OSB No. 024470

209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone:   (503) 227-1600
Facsimile:   (503) 227-6840
Email:       slarson@stollberne.com
             jwagner@stollberne.com

**Rodney F. Pillsbury** (Admitted *Pro Hac Vice*)
Pillsbury & Read, P.A.
1204 E. Washington St.
Greenville, SC 29601
Telephone:   (864) 241-9828
Facsimile:   (864) 241-9818
Email:       rpillsbury@prlawpa.com

*Attorneys for Plaintiff*

Page 10 – **OBJECTIONS TO DEFENDANT'S COST BILL**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840