**Steve D. Larson,** OSB No. 863540
Email: slarson@stollberne.com
**Jennifer S. Wagner**, OSB No. 024470
Email: jwagner@stollberne.com
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. Oak Street, Suite 500
Portland, OR 97204
Telephone:    (503) 227-1600
Facsimile:    (503) 227-6840

**Rodney F. Pillsbury** (Admitted *Pro Hac Vice*)
Email:  rpillsbury@prlawpa.com
PILLSBURY & READ, P.A.
1204 E. Washington St.
Greenville, SC 29601
Telephone:    (864) 241-9828
Facsimile:    (864) 241-9818

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| SABRINA GRETE KAUFMAN, on behalf of herself and all others similarly situated,<br><br>                    Plaintiff,<br><br>     v.<br><br>GEICO INDEMNITY COMPANY,<br><br>                    Defendant. | Case No. 3:13-cv-01932-HZ<br><br>**OPPOSITION TO DEFENDANT'S SUPPLEMENTARY REQUEST FOR ATTORNEYS' FEES**<br><br>**ORAL ARGUMENT REQUESTED** |

Page 1 **- OPPOSITION TO DEFENDANT'S SUPPLEMENTARY REQUEST FOR ATTORNEYS' FEES**

Pursuant to FRCP 54, and LR 54-1, former plaintiff Dallis Hughes ("Hughes")[1] hereby files his opposition to Defendant GEICO Indemnity Company's Supplementary Request for Attorneys' Fees filed June 19, 2015 [Docket No. 84] ("Attorney Fee Motion").

## I.    INTRODUCTION

Plaintiff requests in the first instance that defendant's Attorney Fee Motion be denied in its entirety because, prior to filing, defendant failed to confer pursuant to LR 7-1(a)(1).

Plaintiff also requests that this Court deny the motion in its entirety because defendant has not shown any legal basis for applying an Arizona attorney fee statute to a former party in a proceeding originating in an Oregon federal court. By failing to make such arguments, if any exist, defendant has waived them and its motion should be denied.

To the extent the Court finds that the Arizona attorney fee statute does apply, it should nonetheless deny the motion, including because Hughes, a named plaintiff during only part of the pendency of the case, was voluntarily dismissed without prejudice almost ten months prior to the final judgment, and Arizona law was neither briefed as part of summary judgment, nor did it form the basis for this Court's ultimate decision. His individual claim was small, although the case could have resulted in significant recovery for the putative class. Finally, he has few assets, and the attorney fees sought by defendant represent a significant percentage of his annual income. He cannot afford to pay them.

In the event this Court declines to deny all of defendant's fees, Hughes objects to many of defendant's claimed fees on the ground that they are not recoverable.

---

[1] During a telephone call on June 24, 2015, counsel for defendant confirmed that defendant seeks an award of fees against Hughes only. *See* Declaration of Steve D. Larson in Support of Opposition to Defendant's Supplementary Request for Attorneys' Fees and in Support of Objections to Defendant's Cost Bill ("Larson Dec."), ¶ 2.

Page 2 - **OPPOSITION TO DEFENDANT'S SUPPLEMENTARY REQUEST FOR ATTORNEYS' FEES**

## II.    ARGUMENT

### A.    Defendant Failed to Confer Prior to Filing

LR 7-1(a)(1) requires that parties confer prior to the filing of motions, and under LR 7-1(a)(3) a court may deny a motion that does not meet this requirement. In this case, defendant filed its Cost Bill, and its Supplementary Request for Attorneys' Fees [Docket No. 84] ("Attorney Fee Motion") on June 19, 2015. Counsel for plaintiff had no prior notice that these were coming. Larson Dec., ¶ 2. On the afternoon of June 23, 2015, four days after filing the Cost Bill and Attorney Fee Motion, counsel for defendant contacted plaintiff's counsel to confer about them. *Id.* On June 24, 2015, counsel for the parties participated in a telephone call. Later that day, defendant filed a Certificate of Compliance with Local Rule 7-1(a) Re: Request for Fees, AZ Resident (Dkt. #84) [and] Bill of Costs (Dkt. # 83) [Docket No. 86], which stated, in pertinent part: "Pursuant to Local Rule 7-1(a), the undersigned, Sheila Carmody and Stuart D. Jones, conferred in good faith with counsel for the Plaintiff by telephone regarding whether Plaintiff would agree to either the Bill of Costs [Dkt. #83] or requested fees limited to Arizona resident [Dkt. #84]." This statement leaves the impression that defendant actually complied with LR 7-1(a) and conferred with plaintiff prior to filing, when no such conferral took place or was even attempted. Because defendant failed to comply with LR 7-1(a)(1), its Attorney Fee Motion should be denied.

### B.    Defendant Fails to Provide Any Legal Basis for Applying an Arizona Attorney Fee Statute to a Case Originating in this District

This case was filed and litigated in this district. Defendant cites Hughes' Arizona residency as the basis for its claim for attorney fees under an Arizona attorney-fee shifting statute for contract claims, *e.g.*, Attorney Fee Motion at 2 & 5, but provides no substantive, legal basis for such an application. In particular, defendant fails to argue for any exception to the rule that

Page 3 - OPPOSITION TO DEFENDANT'S SUPPLEMENTARY REQUEST FOR ATTORNEYS' FEES

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

"[a] federal court sitting in diversity applies the law of the forum state regarding an award of attorneys' fees." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000). To the extent defendant is arguing for a choice of law in favor of Arizona's fee-shifting statute, it has failed to state any basis for doing so under Oregon law, even though in diversity cases a federal court must look to the law of the forum state in making choice-of-law determinations. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496-97.

Significantly, Arizona has no interest in enforcing its attorney fee statute in a case filed and litigated in another jurisdiction (Oregon) involving a defendant incorporated in yet another jurisdiction (Maryland). Larson Dec., Ex. 3. Arizona law was not at issue on summary judgment, and the Court's ultimate decision was based on Oregon law. *See* Docket Nos. 69, 75, and 81.

Moreover, by the time of summary judgment, Hughes had long been dismissed as a party, and he is not a party to, nor is he bound by, the final judgment. *Commercial Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1076 (9th Cir. 1999) ("a Rule 41(a)(1) dismissal, once filed, automatically terminates the action, and thus federal jurisdiction"); *Concha v. London*, 62 F.3d 1493, 1506 (9th Cir. 1995) (a Rule 41(a)(1) dismissal "leaves the parties as though no action had been brought"); *Taylor v. Sturgell*, 553 U.S. 880, 884 (2008) ("It is a principle of general application in Anglo–American jurisprudence that one is not bound by a judgment *in personam* in a litigation in which he is not designated as a party or to which he has not been made a party by service of process." [internal quotation marks and citation omitted]).

Awarding attorney fees to defendant in this case would also be in direct violation of Oregon public policy as embodied in ORS 20.082 (allowing for attorney fees in certain small contract claims), which expressly excludes from its application "[c]ontracts for insurance[.]" *See* ORS 20.082(5)(a).

Page 4 - **OPPOSITION TO DEFENDANT'S SUPPLEMENTARY REQUEST FOR ATTORNEYS' FEES**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

By failing to put forth a legal basis for the application of Arizona law, defendant has waived any such arguments it may have made, and should not be permitted to raise them in its reply brief. *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("A district court need not consider arguments raised for the first time in a reply brief.").

### C. Even If the Court Were to Find that the Arizona Attorney Fee-Shifting Statute Applies, the Relevant Factors Do Not Weigh in Defendant's Favor

Even if this Court were to find that A.R.S. § 12-341.01 applies, no fees should be awarded to defendant. A.R.S. § 12-341.0 is not mandatory, and Arizona courts have long emphasized the discretionary nature of the statute. *E.g.*, *Assoc. Indem. Corp. v. Warner*, 694 P.2d 1181, 1184 (Ariz. 1985). In deciding whether to award fees at all, courts are to consider such factors as: the merits of the claim or defense presented by the unsuccessful party; whether the litigation could have been avoided or settled and the successful party's efforts were completely superfluous in achieving the result; whether assessing fees against the unsuccessful party would cause extreme hardship; whether the successful party did not prevail with respect to all of the relief sought; the novelty of the legal question and whether such claim or defense had previously been adjudicated in this jurisdiction; and whether the award in any particular case would discourage other parties with tenable claims or defenses from litigating or defending legitimate contract issues for fear of incurring liability for substantial amounts of attorney's fees. *Id.* In this case, many of these factors support the denial of fees.

#### 1. Defendant fails to cite sufficient reasons relating to Hughes

Curiously, nearly all of the events or circumstances cited by defendant as a basis for a fee award [including Docket Nos. 32, 49, 47, 48, 49, 51, 62, 68, 69, 70, 75, 78, 81, 82] occurred *after* Hughes was voluntarily dismissed [Docket No. 27, filed August 18, 2014]. Defendant cannot support its motion with arguments relating to events and circumstances in a lawsuit of

Page 5 - OPPOSITION TO DEFENDANT'S SUPPLEMENTARY REQUEST FOR ATTORNEYS' FEES

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

which he was no longer a part, especially since defendant concedes that it is not entitled to any fees for work subsequent to Hughes' dismissal. *See* Attorney Fee Motion, Ex. E.

### 2. Hughes' claims were not meritless

Hughes' claims against defendant were not meritless, even though they were ultimately unsuccessful. The policy at issue did not allow two deductibles to be charged to Hughes. The plain language provides, with respect to physical damage coverage which applies here, that "Losses arising out of a single occurrence shall be subject to no more than one deductible." *E.g.*, Complaint at ¶ 11. Defendant contended that language elsewhere in the policy—which provides "if the policy covers two or more autos or trailers, the limit of coverage and any deductibles apply separately to each—" trumps the single occurrence language. *E.g.*, GEICO's Motion for Summary Judgment [Docket No. 69] at 2. However, this clause confirms that a single policy may cover multiple vehicles. Hughes' reading of the provision was consistent with defendant's interpretation of the parallel Two Autos conditions elsewhere in the policy. *E.g.*, Plaintiff's Response to GEICO's Motion for Summary Judgment, at 8. The merit of Hughes' position is further demonstrated by the practical implications of defendant's interpretation: if Hughes' car would have been hit by a neighbor, he would not have had to pay a deductible, but because his car was hit by his wife's car, and her car was covered by his policy, he was required to pay a second deductible.

### 3. Hughes cannot afford to pay the requested award

Hughes is an individual of limited means, and does not have the ability to pay defendant's claimed fees. *See* Declaration of Dallis Hughes in Support of Opposition to Defendant's Supplementary Request for Attorneys Fees, ¶¶ 2-4. Defendant, in contrast, is a

Page 6 - OPPOSITION TO DEFENDANT'S SUPPLEMENTARY REQUEST FOR ATTORNEYS' FEES

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

massive corporation with billions of dollars in assets. According to GEICO's own website, as of June 2004 defendant alone had assets in excess of $6.7 billion. *See* Larson Dec., Ex. 1.

### 4. Plaintiff's particular claim has not been tested before

In this case, Hughes, along with plaintiff Kaufman, sought to represent auto insurance policyholders who were, as a result of defendant's erroneous interpretation of its insurance policy, systematically charged excessive deductibles for certain types of claims; specifically, claims involving the collision of two vehicles insured under the same policy. This was a previously untested claim.

### 5. An award of fees would discourage others

At the same time this action carried the potential to benefit hundreds of policyholders, Hughes' individual stake in the litigation was relatively small. His individual claim for the second deductible charged by defendant was only $250, not including prejudgment interest. *See* Larson Dec., Ex. 2. To award almost $6,000 in fees to defendant would have a chilling effect on other consumers who might similarly seek to challenge their insurance companies with respect to commonly applicable coverage terms.

## D. Specific Objections to Entries Claimed in Defendant's Attorney Fee Motion

Should the Court decline to exercise its discretion to deny all of defendant's claimed fees, plaintiff specifically objects to defendant's claimed fees on the ground that many of them are not recoverable. As such, if defendant is awarded any fees, they should be significantly reduced.

### 1. Fees unrelated to Hughes' individual claim

Of the time claimed by defendant, $2,367.50 worth of entries, on their face, relate to Hughes' status as a putative class representative under FRCP 23, and are not related to the defense of Hughes' individual breach of contract claim. *See* Attorney Fee Motion, Ex. E; *See*

Page 7 - **OPPOSITION TO DEFENDANT'S SUPPLEMENTARY REQUEST FOR ATTORNEYS' FEES**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

*also* Larson Dec., Ex. 4. Hughes' status as a class representative, and whether he and Kaufman could have successfully moved the court to certify a class, could, and did, exist independent of Hughes' individual breach of contract claim. In fact, the dismissal of Hughes did not resolve the putative class claims against GEICO, which continued to be litigated in connection with Kaufman's motion for class certification. *See* Docket Nos. 27, 51. As such, fees related to class issues are not recoverable. *Cf. Sparks v. Republic Nat'l Life Ins. Co.*, 647 P.2d 1127, 1141 (Ariz. 1982) (no apportionment necessary among claims where one "could not exist but for" the other).

### 2. Fees having to do with non-party Teresa Hughes

Also not recoverable are fees that clearly relate to Teresa Hughes, who was never a plaintiff in the case. *See* Docket Nos. 1 (Complaint) and 48 (First Amended Complaint). These fees total $662.50. *See* Larson Dec., Ex. 4.

### III. CONCLUSION

For all the foregoing reasons, defendant's Attorney Fee Motion should be denied in its entirety. In the alternative, the fees awarded defendant should be reduced by the $3,030 in objectionable charges. Thus, if any fees at all are awarded to defendant, they should not exceed $2,949.50.

DATED this 2nd day of July, 2015.

**STOLL STOLL BERNE LOKTING & SHLACHTER P.C.**

By: /s/ Steve D. Larson
**Steve D. Larson,** OSB No. 863540
**Jennifer S. Wagner**, OSB No. 024470

209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone:  (503) 227-1600
Facsimile:  (503) 227-6840
Email:  slarson@stollberne.com
          jwagner@stollberne.com

Page 8 **- OPPOSITION TO DEFENDANT'S SUPPLEMENTARY REQUEST FOR ATTORNEYS' FEES**

        **Rodney F. Pillsbury** (Admitted *Pro Hac Vice*)
        PILLSBURY & READ, P.A.
        1204 E. Washington St.
        Greenville, SC 29601
        Telephone:  (864) 241-9828
        Facsimile:  (864) 241-9818
        Email:      rpillsbury@prlawpa.com

        ***Attorneys for Plaintiff***

Page 9 **- OPPOSITION TO DEFENDANT'S SUPPLEMENTARY REQUEST FOR ATTORNEYS' FEES**